IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| CARY B. ZUCKERO and<br>JANET E. ZUCKERO, | : | BANKRUPTCY NO.: 5-15-bk-05318-JJT |
| DEBTOR | : | |
| FIRST CREDIT UNION OF SCRANTON | : | {**Nature of Proceeding**: Defendant's Motion to Dismiss (Doc. #4)} |
| PLAINTIFF | : | |
| vs. | : | |
| CARY B. ZUCKERO, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-16-ap-00032-JJT** |

# OPINION[1]

On April 14, 2016, Defendant filed a Motion to Dismiss Plaintiff's Complaint. Thereafter, on April 27, 2016, Plaintiff filed a Response to the Motion to Dismiss. A brief in support of the Motion to Dismiss along with a brief in opposition have also been filed.

The allegations of the Complaint can be summarized as follows. Within ninety (90) days prior to the filing of the bankruptcy, the Defendant obtained a cash advance through a personal loan from the Plaintiff in the approximate amount of $5,855.13. Further, Defendant's Amended Schedule J reflects that the Debtors' adjusted monthly net income is $3.84. Based upon these allegations, the Plaintiff filed the Complaint under 11 U.S.C. § 523(a)(2)(A), alleging that the Defendant knowingly obtained this loan from Plaintiff with no intention to pay off the full balance of the charges incurred and that the Defendant knew, or should have known, at the time

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[K:\Cathy\Opinions-Orders filed 2016\5-16-ap-00032-JJT_Zuckero.pdf]

of the transaction, that he could not afford to repay the Plaintiff and, in fact, did not repay the Plaintiff. As such, Plaintiff asserts that the Defendant falsely represented his ability and intent to repay the Plaintiff and that the Plaintiff reasonably relied upon such representations. Plaintiff concludes these allegations show that Defendant obtained the cash advance through the loan agreement by way of false representations, false pretenses, or actual fraud.

In response, the Defendant questions the amount of the cash advance indicating that the amount received was far less than the amount alleged in the Complaint and that the Plaintiff did not plead the specifics of the fraud claim by failing to set forth the "who, what, when, where, and how" of the events at issue.

In considering a motion to dismiss, the Rule is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 at 1969 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S.Ct. at 1965.

In this regard, the Court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d at 233 citing *Twombly*, 127 S.Ct. at 1969 n.8 and *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

At this early stage of the pleadings process, the Court's focus is on the sufficiency of the allegations of the underlying Complaint and to determine whether they allege enough facts to

entitle the Plaintiff for relief and, in particular in this case, relief under 11 U.S.C. § 523(a)(2)(A). Utilizing these standards, I find that the Complaint states a claim which is supported by sufficient allegations in the Complaint. The Motion to Dismiss is therefore denied.

    My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: July 6, 2016